**FILED**

**March 18, 2016**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 11:19 AM**



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | |
|---|---|
| **ADRIAN OWENS,** <br> **Employee,** | **Docket No.: 2015-03-0443** |
| **v.** | **State File Number: 65279-2015** |
| **UNITRAC RAILROAD** <br> **MATERIALS, INC., a division of** <br> **HEALEY RAILROAD CORP.,** <br> **Employer,** | **Judge Pamela B. Johnson** |
| **And** | |
| **PINNACLE POINT INS. CO.,** <br> **Insurance Carrier.** | |

## EXPEDITED HEARING ORDER
## DENYING MEDICAL AND TEMPORARY DISABILITY BENEFITS

This matter came before the undersigned Workers' Compensation Judge on the Request for Expedited Hearing filed by the Employee, Adrian Owens, pursuant to Tennessee Code Annotated section 50-6-239 (2015). The central legal issues are (1) whether Mr. Owens sustained an injury arising primarily out of and in the course and scope of his employment with the Employer, Unitrac Railroad Materials, Inc., a division of Healey Railroad Corporation; (2) whether Mr. Owens is entitled to past or future medical benefits; and (3) whether Mr. Owens is entitled to past or future temporary disability benefits. For the reasons set forth below, the Court finds Mr. Owens failed to establish that he is likely to succeed on a hearing on the merits on these issues.[1]

### History of Claim

Mr. Owens is a twenty-one-year-old resident of Anderson County, Tennessee. He worked for Unitrac Railroad as a laborer.

On July 9, 2015, Unitrac Railroad assigned Mr. Owens to shovel rock from the railroad tracks. (T.R. 1; Ex. 1.) While shoveling, turning, and dumping the rock, he

---

[1] A complete listing of the technical record and exhibits admitted at the Expedited Hearing is attached to this Order as an appendix.

testified that he experienced instant pain in his back. *Id.* That day, he reported the incident to his supervisors, Billy Turner and Joe Sweeney. Unitrac Railroad did not offer Mr. Owens a panel of physicians on the date of the work incident.

While the record is silent on how Mr. Owens first obtained authorized medical treatment, the medical records established Mr. Owens came under the care of Dr. John McElligott of Occupational Health Systems. (Ex. 3, July 9, 2015 Medical Record.) On July 9, 2015, Mr. Owens reported, "he was shoveling rock and his lower back began to hurt after he twisted the wrong way." *Id.* Dr. McElligott ordered lumbar spine diagnostic studies, which demonstrated no acute changes or significant degenerative disc changes. *Id.* Dr. McElligott diagnosed an L5-S1 nerve root compression and ordered an injection into the lower back. *Id.*

Mr. Owens returned the following day with continued complaints of soreness in the lumbar area, but denied radiating pain. (Ex. 3, July 10, 2015 Medical Record.) He saw Dr. McElligott's physician assistant, Ronald Flowers, who diagnosed a low back sprain and recommended six therapy visits to prevent pain and further disability. *Id.*

Mr. Owens returned to Dr. McElligott's office on July 21, 2015. (Ex. 3, July 21, 2015 Medical Record.) While Mr. Owens reported some improvement, he continued to have discomfort at night and had difficulty sleeping. *Id.* PA Flowers ordered a lumbar spine MRI and another injection. *Id.*

On July 29, 2015, Unitrac Railroad provided Mr. Owens the Choice of Physician form. (Ex. 2.) Mr. Owens testified he signed the form selecting Dr. McElligott and returned it the same day.

Mr. Owens returned to Dr. McElligott's office on August 6, 2015. (Ex. 3, August 6, 2015 Medical Record.) Mr. Owens advised, "his lower back pain is the same and is still having more pain at night when he goes to be[d]. ROM [range of motion] is limited and still having a hard time bending forward." *Id.* PA Flowers reviewed the lumbar spine MRI exam and diagnosed degenerative disc disease and osteoarthritis. *Id.* PA Flowers stated, "This is not related to any acute process but can be aggravated by trauma or poor body mechanics." *Id.* PA Flowers placed Mr. Owens at maximum medical improvement and released him to full duty. *Id.*

On August 11, 2015, Mr. Owens returned and saw Dr. McElligott. (Ex. 3; August 11, 2015 Medical Record.) Dr. McElligott opined,

> After review of the mechanism of injury and/or lack thereof on all diagnoses listed for this evaluation now or related to this evaluation, I do not feel that this injury/exposure is work related. See TN WC Law effective July 1, 2014, TN 50-6-102(13). Pre-existing conditions are very

2

likely or the MOI [mechanism of injury] is not substantial to produce the present findings or lack of findings.

*Id.* Dr. McElligott made the following recommendations: "The patient has been advised that he/she has a pre-existing condition . . . Advised to see his/her family doctor for problems in the area/s noted in the physical exam." *Id.* Dr. McElligott further advised, "The patient was advised that a referral may need to be made for second opinion and/or treatment." *Id.*

On August 19, 2015, Mr. Owens returned with continued complaints of lumbar pain. (Ex. 3, August 19, 2015 Medical Record.) Dr. McElligott assigned Mr. Owens a fifty-pound lifting restriction and advised, "Mr. Owens was not suitable to return to work at this capacity and referral from his primary care physician to a specialist is highly recommended." *Id.*

On August 24, 2015, Mr. Owens saw his primary care physician, Dr. Gurprect Narula, for a physical. (Ex. 5, August 24, 2015 Medical Record.) He reported he recently sprained his back at work. *Id.*

Mr. Owens saw Dr. Narula again on September 11, 2015, and reported acute low back pain. *Id.* He indicated he suffered from pain radiating into his hips and legs, for several months. *Id.* Dr. Narula recommended that Mr. Owens wear a back brace and avoid lifting, bending, pushing, and pulling. *Id.*

Mr. Owens filed a Petition for Benefit Determination on August 20, 2015, seeking medical and temporary disability benefits. The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed a Dispute Certification Notice on October 9, 2015. Mr. Owens filed a Request for Expedited Hearing on December 14, 2015, and this Court heard the matter on February 23, 2016.

At the Expedited Hearing, Mr. Owens testified he had no prior back problems and never received treatment for back problems prior to the work incident on July 9, 2015. He further testified that he first experienced problems with his back on July 9, 2015, while shoveling rock for Unitrac Railroad. Mr. Owens testified his back problems continued without improvement despite physical therapy and treatment with Dr. McElligott. He testified he currently suffers from back pain that radiates into his legs and increases with activity.

During cross-examination, Mr. Owens admitted he played varsity high school football for four years as an offensive lineman. He further admitted he was a starter for three years, facing defensive lineman weighing over two hundred pounds. He agreed that he played in more than thirty-six games and practiced multiple times per week over the course of four football seasons. He also underwent weight-lifting training, completing

3

upper body, squats, and jerk-lifts overhead. Mr. Owens testified that he has not worked since he last saw Dr. McElligott.

In closing, Mr. Owens argued he sustained an injury arising primarily out of and in the course and scope of his employment. He denied any back problems or symptoms prior to the work incident on July 9, 2015. Mr. Owens reported the incident on July 9, 2015, and Unitrac Railroad sent him straight to Dr. McElligott. He did not receive a panel of physicians until July 29, 2015.

Unitrac Railroad argued that the opinion of Dr. McElligott is entitled to a presumption of correctness because Mr. Owens selected him from a panel of physicians. Mr. Owens' selection occurred prior to the lumbar scan and Dr. McElligott's opinion on causation. Dr. McElligott opined that Mr. Owens suffered from a preexisting condition, unrelated to the work incident. Unitrac Railroad further asserted that Mr. Owens did not offer any expert opinion to rebut the opinion of Dr. McElligott.

During the Expedited Hearing, counsel for Mr. Owens moved to introduce the statements of four employees of Unitrac Railroad. (Ex. 7 Marked for Identification Only.) Counsel for Unitrac Railroad objected to the introduction on the bases that the four statements were unsworn, unauthenticated, and contained hearsay. Unitrac Railroad's counsel argued that, if he knew Mr. Owens' counsel intended to introduce the statements, Unitrac Railroad would have brought the employees to the Expedited Hearing. Mr. Owens countered that the statements were admissible as statements against interest. This Court took the matter under advisement and marked the four statements as Exhibit 7 for identification purposes only. This Court sustains Unitrac Railroad's objections and finds the statements are unsworn, unauthenticated, and contain hearsay.[2] This Court did not consider or rely upon the statements in reaching its decision.

## Findings of Fact and Conclusions of Law

Under Tennessee law, Mr. Owens has the burden of proof on all essential elements of a claim. *See Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). At the Expedited Hearing stage, Mr. Owens need not prove every element of his claim by a preponderance of the evidence in order to obtain relief. *See McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Instead, Mr. Owens must come

---

[2] Rule 0800-02-21-.14(1)(a) (June, 2015) of the Tennessee Compilation Rules and Regulations provides "All motions for expedited hearing must be accompanied by affidavits and any other information demonstrating that the employee is entitled to temporary disability or medical benefits." *See also* Rule 7 of the Court's Practices and Procedures. "Absent extraordinary circumstances and approval of the assigned Judge, evidence may not be considered if submitted after the expiration of the applicable rules and regulations." Rule 7.01 (December, 2015) of the Court's Practices and Procedures. However, Unitrac Railroad did not object to the admission of the statements on the basis of Rule .14(1)(a) or Rule 7.

4

forward with sufficient evidence from which this Court can determine that he is likely to prevail at a hearing on the merits. *Id.*

First, to be compensable under Workers' Compensation Law, an injury must arise primarily out of and occur in the course and scope of the employment. Tenn. Code Ann. § 50-6-102(14) (2015). The term "injury" is defined as "an injury by accident . . . or cumulative trauma condition . . . arising primarily out of and in the course and scope of employment, that causes death, disablement or the need for medical treatment of the employee." *Id.* For an injury to be accidental, it must be "caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence." Tenn. Code Ann. § 50-6-102(14)(A) (2015).

Here, Mr. Owens testified that the injury occurred on July 9, 2015, as he shoveled rock from the railroad tracks. He testified in detail as to the specific work incident or set of incidents that led to his back pain. This Court finds that Mr. Owens presented sufficient evidence demonstrating an "injury" caused by "a specific incident, or set of incidents" and "identifiable by time and place of occurrence."

Next, the Court's analysis focuses on whether Mr. Owens' injury arose primarily out of and in the course and scope of his employment with Unitrac Railroad. An injury "arises primarily out of and in the course and scope of employment" only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent in causing the injury, considering all causes." Tenn. Code Ann. § 50-6-102(14)(B) (2015).

In this case, Dr. McElligott opined, "After review of the mechanism of injury and/or lack thereof on all diagnoses listed for this evaluation now or related to this evaluation, I do not feel that this injury/exposure is work related." (Ex. 3, August 11, 2015 Medical Record.) The opinion of the treating physician, selected by the employee from the employer's designated panel of physicians pursuant to § 50-6-204(a)(3), shall be presumed correct on the issue of causation but this presumption shall be rebuttable by a preponderance of the evidence. Tenn. Code Ann. § 50-6-102(14)(E) (2015). Moreover, Dr. McElligott's opinion on causation is the only opinion on the issue of causation in the medical records admitted into evidence.

Therefore, based upon the evidence introduced and as a matter of law, this Court finds that Mr. Owens failed to establish that he is likely to prevail at a hearing on the merits. His request for medical and temporary disability benefits is denied at this time.

5

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Owens' claim against Unitrac Railroad Materials, Inc. and its workers' compensation carrier for the requested medical and temporary disability benefits is denied at this time.

2. This matter is set for an Initial (Scheduling) Hearing on **April 26, 2016**, at **9:00 a.m. eastern time**.

ENTERED this the 18th day of March, 2016.

_____
**Judge Pamela B. Johnson**
**Court of Workers' Compensation Claims**

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with Judge Pamela B. Johnson, Court of Workers' Compensation Claims. You must call 865-594-0091 or toll-free 855-543-5041 to participate in the Initial Hearing.

Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a filing fee in the amount of $75.00. Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing

fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

## APPENDIX

Technical record:

- Petition for Benefit Determination, filed August 20, 2015;
- Dispute Certification Notice; filed October 9, 2015;
- Request for Expedited Hearing; filed December 14, 2015;
- Notice of Filing and Intent No. 1, filed February 8, 2016;
- Notice of Filing and Intent No. 2, filed February 8, 2016; and
- Notice of Filing and Intent No. 3, filed February 8, 2016.

The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

Exhibits:

- EXHIBIT 1: Affidavit of Adrian Owens;
- EXHIBIT 2: Panel of Physicians, Form C-42;
- EXHIBIT 3: Medical Records of Dr. John McElligott;
- EXHIBIT 4: Medical Records of Abercrombie Radiology;
- EXHIBIT 5: Medical Records of Dr. Gurprect Narula;
- EXHIBIT 6: Medical Records of Comprehensive Industrial Services Physical Therapy; and
- EXHIBIT 7: *Marked for Identification Purposes Only,* Statements of Employees of Unitrac Railroad Materials, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 18th day of March, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| Curtis W. Isabell, Esq., Employee's Attorney | | | X | curtis.isabell@comcast.net |
| Chad Jackson, Esq., Employer's Attorney | | | X | cjackson@morganakins.com |

Penny Shrum, Court Clerk
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

9